# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 19-486V
UNPUBLISHED

| | |
|---|---|
| JACQUELYN TRACEY,<br><br>　　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: April 6, 2020<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Jessica Olins, Maglio Christopher & Toale, PA, Washington, DC,* for petitioner.

*Darryl R. Wishard, U.S. Department of Justice, Washington, DC,* for respondent.

## RULING ON ENTITLEMENT[1]

　　On April 1, 2019, Jacquelyn Tracey filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that as a result of her September 16, 2016, influenza ("flu") vaccination she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA"). *See* Petition. The case was assigned to the Special Processing Unit of the Office of Special Masters.

　　On April 3, 2020, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

> Specifically, Respondent indicates that
>
> DICP has reviewed the petition and medical records filed in the case, and concluded that compensation is appropriate. DICP has concluded that petitioner's alleged injury is consistent with SIRVA of the left arm and that it meets the requirements of a Table injury claim for SIRVA stemming from the flu vaccination on September 16, 2016. DICP did not identify any other causes for petitioner's left arm injury, and records show that she suffered the sequela of this injury for more than six months. Based on the medical records outlined above, petitioner has met the statutory requirements for entitlement to compensation. *See* 42 U.S.C. § 300aa-13(a)(1)(B); 42 U.S.C. § 300aa-11(c)(1)(D). Therefore, based on the record as it now stands, petitioner has satisfied all legal prerequisites for compensation under the Act.

*Id.* at 5.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master
